IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Terrance Adams, a/k/a Jason Allen, | ) | C/A No.: 3:07-844-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Dale Hunt, Jr.; Deputy Soto; and Rufus Keys, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Terrance Adams, is an inmate at the Broad River Correctional

Institution of the South Carolina Department of Corrections. He initiated this action pursuant

to 42 U.S.C. § 1983 contending that the defendants did not have probable cause to arrest him

and that while arresting him, Hunt and Soto (the "officer defendants") used excessive force

and caused him physical injuries. The plaintiff also claims the officer defendants verbally

assaulted him and took his personal property. He seeks damages in the amount of $1.5

million.

The Magistrate Judge assigned to this action[1] has prepared a Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Recommendation wherein he suggests that this court should grant the officer defendants' motion for summary judgment.[2]  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on March 20, 2008.  The plaintiff filed a timely three-page objection memorandum[3] to the Report.

As to the first claim, plaintiff suggests that the officer defendants arrested and detained the plaintiff without probable cause and that the arrest warrant was defective.  The Magistrate Judge recommends that this claim be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because plaintiff has not shown that these convictions have been overturned or otherwise impugned, thus, his claims relating to the sufficiency of the arrest must be dismissed.  The plaintiff does not specifically object to this conclusion.  The court finds the Magistrate Judge's recommendation proper and the claim is dismissed without prejudice.

Plaintiff's next claim is that the officer defendants used excessive force against him during their arrest of the plaintiff, in violation of the Fourth Amendment.  The Magistrate

---

[2]  An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.  Plaintiff did respond to the motion.

[3]  Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

Judge suggests that defendants' actions were objectively reasonable and that the struggle between the officers and plaintiff was because plaintiff was actively resisting arrest, a charge for which he was convicted. The Magistrate Judge also suggests that the plaintiff fails to show that defendants lacked probable cause to stop and detain him on April 19, 2005.

The Magistrate Judge opines that plaintiff fails to show more than a *de minimis* injury regarding the contusion to his eye that occurred when he was arrested. The Report notes that the plaintiff was taken to the hospital after the arrest on April 19, 2005 and was diagnosed with an "intraorbital contusion." It appears from the hospital discharge instructions submitted by the plaintiff that no medications or treatments were necessary and that plaintiff was only instructed to return if his condition did not improve or if it worsened.

Plaintiff objects to the classification of his injuries as *de minimis* and contends he supplied medical reports that show he received prescribed medication for four months after the alleged assault. In plaintiff's affidavit in opposition to defendants' motion for summary judgment, plaintiff provides copies of progress notes from Prison Health Services. The Prison physician's notes, while not completely legible, are dated April 20, 2005, June 9, 2005, July 20, 2005, August 24, 2005, and August 29, 2005. The physician appears to have prescribed the plaintiff Motrin, Flexeril, and Naprosyn for lumbar muscle strain.

The plaintiff also attaches a request to the SCDC, dated October 4, 2007, for refills of his medication for hypertension. The court is not sure what bearing this information regarding his hypertension medication refill has on the instant case.

The above medications were supplied for back muscle strain, not an "intraorbital contusion" for which the plaintiff was diagnosed by the hospital physicians after his detainment and arrest.  Although the plaintiff contends in his objections that his bruised back was not *de minimis*, there is no report from the hospital medical reports provided to the court that indicated a diagnosis of a bruised back.  The court finds the plaintiff's objection to be without merit.

The next claims plaintiff brings is that defendants struck him twice in the face when he was being transported from the hospital and that he was placed in a holding cell in handcuffs.  The Magistrate Judge concludes that the plaintiff fails to show that his Fourteenth Amendment rights were violated because any injuries received were *de minimus*.

As to plaintiff's claim of verbal assault by the officer defendants, the Magistrate Judge opines that plaintiff fails to show that the alleged comment rises to the level of a constitutional violation, and that defamatory statements alone do not state a cognizable claim under 42 U.S.C. § 1983.  In addition, the plaintiff has not produced any evidence that his race played any part in the arrest or the manner of his arrest.

As to the plaintiff's allegations that the police took his "brand new Air Jordan Nike shoes and cap," the Magistrate Judge opines that this claim fails to rise to the level of a constitutional violation.  In addition, the Magistrate Judge notes that no due process claim arises unless or until the state fails or refuses to provide a suitable post-deprivation remedy.  Such claims related to personal property are cognizable under South Carolina state law, thus

the plaintiff's claim fails.  The plaintiff offers no objection to this finding.

As to defendant Rufus Keyes, the Magistrate Judge recommends that this defendant be dismissed *sua sponte* as there is no indication that Keyes (a maintenance man at an apartment complex) is a state actor, and that plaintiff fails to establish a constitutional violation as to his alleged actions.  The plaintiff's objections to the court's *sua sponte* dismissal of this defendant is overruled.

The Magistrate Judge also opines that the officer defendants are entitled to Eleventh Amendment immunity from damages in their official capacity and qualified immunity in their individual capacities.  Because the plaintiff has failed to show that the officer defendants violated any of plaintiff's clearly established constitutional or statutory rights, the defendants are entitled to both immunities.

After a careful review of the record, the applicable law, the Report and Recommendation and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper.  Accordingly, the Report and Recommendation is incorporated herein by reference and defendants' motion for summary judgment is granted with the exception of the plaintiff's arrest claim which is dismissed without prejudice.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

June 3, 2008
Columbia, South Carolina